IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| EDWARD M. ZINNER | : | NO. 95-48 |

**MEMORANDUM**

**Padova, J.**                                                                                         **September 16, 2020**

*Pro se* Movant Edward M. Zinner, a federal prisoner who pled guilty to racketeering offenses in this Court, has filed a Motion for Writ of Error *Coram Nobis*.[1] (ECF No. 268.) He has also filed a Motion for Recusal (ECF No. 269.) For the reasons that follow, both Motions are denied.

**I.     BACKGROUND**

Following his plea and the imposition of sentence, Zinner filed a Motion pursuant to 28 U.S.C. § 2255 on May 28, 1996. (ECF No. 113.) In that Motion, he asserted claims of ineffective assistance of trial counsel and prosecutorial misconduct. These claims were denied on the merits. *See United States v. Zinner*, Civ. A. No. 96-3959, Crim. A. No. 95-48-01, 1996 WL 628585, at *7 (E.D. Pa. Oct. 25, 1996). That decision was affirmed on appeal to the United States Court of Appeals for the Third Circuit on August 13, 1997. (*See* ECF No. 186.)

While the appeal was pending, Zinner filed a Motion pursuant to Rule 60(b) in which he (1) repeated some claims raised in his § 2255 Motion, allegedly based on his receiving new evidence, and (2) raised two new claims. In the first new claim, he argued that his guilty plea was

---

[1] Zinner has served the sentence imposed by this Court. He is in federal custody due to a subsequent conviction in the United States District Court for the Eastern District of Virginia involving a violation of 18 U.S.C. § 1957. *See United States v. Zinner*, Crim No. 17-3 (E.D. Va.). Following the entry of a guilty plea, he was sentenced on April 12, 2018 to a term of incarceration of 120 months, followed by supervised release of 3 years.

not valid because it was coerced by the prosecutorial threats to indict members of his family if he did not plead guilty. In the second, he asserted that newly discovered evidence revealed a secret and corrupt agreement between his attorney and prosecutors that his attorney would not be indicted for fraud if he convinced Zinner to plead guilty in this case. In 1998, after a full evidentiary hearing, the Rule 60(b) motion was denied because Zinner failed to prove any secret and corrupt deal. *United States v. Zinner*, Crim. A. No. 95-48, 1998 WL 57522, at *1 (E.D. Pa. Feb. 9, 1998). Thereafter the Third Circuit denied Zinner a certificate of appealability. (*See* ECF No. 237.) Zinner filed another Rule 60(b) Motion on September 1, 1999. (ECF No. 252.) That Motion was denied in an Order entered on October 21, 1999. (ECF No. 257.)

Some twenty years later, on February 27, 2019, Zinner filed another Motion, this time pursuant to Rule 60(d). (ECF No. 259.) Zinner again sought to set aside the judgments denying relief pursuant to both § 2255 and 60(b), and to dismiss the 1995 indictment against him with prejudice, based on the alleged secret deal between his counsel and prosecutors. (*See id.* at 104-05.)[2] Specifically, he claimed that prosecutors misled the Court in both the § 2255 and Rule 60(b) proceedings based on alleged new evidence that the Government had drafted but not filed a motion to disqualify his co-Defendant's counsel due to that counsel's representation of Petitioner in earlier proceedings. The Court concluded that, to the extent that the Motion was not a second or successive § 2255 habeas petition, over which there would be no jurisdiction, the Motion failed on its merits because it, like his earlier Motion, was "based primarily on conjecture, speculation, and reinterpretation of old evidence in an effort to convince the Court that his explanation is the only one that makes sense," and Zinner had not put forth the "'clear, unequivocal and convincing

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

evidence' of a fraud on the court that is necessary to obtain the 'extraordinarily rare relief that [Rule 60(d)] provides.'" (ECF No. 264 at 2 n.1 (citations omitted).)

Zinner's current Motion is styled as one seeking a writ of error *coram nobis*. (ECF No. 268.) He asserts that he is entitled to relief based on "'errors of fact' related to prosecutors arranging conflicted defense counsel to represent defendants in this criminal trial, intentionally compromising the defendant's legal and financial interests for the benefit of the government." (*Id.* at 2.) He adds that the "evidence submitted with the 1999 & 2019 Rule 60 motions is irrefutable" and the Court "authored factually incorrect and intentionally deceptive 'opinions' . . . where KNOWN perjury is found as fact." (*Id.* at 3.) He again alleges the Government prepared but never filed a motion seeking the disqualification of a co-defendant's attorney. (*See id.* at 12.) He asserts that he has suffered continuing consequences of his conviction in the form of tax liens, which he contends he has successfully litigated and had removed; dismissal as a named plaintiff in a civil stock fraud case seeking money damages; eviction from his apartment; denial of voting rights, Second Amendment rights, and professional licensure; and the seizure of a tax refund. (*Id.* at 12-13.) The balance of the pleading rehashes arguments and factual assertions raised in Zinner's prior Motions that were previously rejected by the Court involving his right to conflict-free counsel and the alleged conspiracy between his counsel, counsel for co-defendants, and prosecutors.

## II.   WRIT OF ERROR *CORAM NOBIS* – STANDARD

The All Writs Act, 28 U.S.C. § 1651, is a residual source of authority to issue writs in exceptional circumstances. *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). A petition for error *coram nobis* "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." *United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir.

3

1989); *see United States v. DeJesus*, Crim. No. 96-434, 2000 WL 217520, at *2 (E.D. Pa. Feb. 11, 2000) (noting that "the writ of *coram nobis* is available only where the defendant has completely served his sentence"). "Use of the writ is appropriate to correct errors for which there was no remedy available at the time of trial and where 'sound reasons' exist for failing to seek relief earlier." *Stoneman,* 870 F.2d at 106 (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)). "Only where there are errors of fact of the most fundamental kind, that is, such as to render the proceeding itself irregular and invalid, can redress be had." *United States v. Cariola*, 323 F.2d 180, 184 (3d Cir. 1963) (quotation omitted). "The error must go to the jurisdiction of the trial court, thus rendering the trial itself invalid." *Stoneman*, 870 F.2d at 106. As the *Stoneman* Court stated, "*Coram nobis* is an extraordinary remedy, and a court's jurisdiction to grant relief is of limited scope." *Id.* (citing *Cariola*, 324 F.2d at 184). "'The interest in finality of judgments dictates that the standard for a successful collateral attack on a conviction be more stringent than [either] the standard applicable on a direct appeal,'" or the standard on a petitioner seeking habeas relief under § 2255. *Id.* (quoting *United States v. Gross*, 614 F.2d 365, 368 (3d Cir. 1980)) (citing *United States v. Osser*, 864 F.2d 1056, 1060-61 (3d Cir. 1988); and *United States v. Keogh*, 391 F.2d 138, 148 (2d Cir. 1968)).

Stated succinctly, *coram nobis* relief has five essential prerequisites. A petitioner must show that he or she "(1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid conviction; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind." *Ragbir v. United States*, 950 F.3d 54, 62 (3d Cir. 2020) (citations omitted); *see also United States v. Babalola*, 248 F. App'x 409, 412 (3d Cir. 2007); *Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012); *Stoneman*, 870 F.2d at 105-06.

### III.     WRIT OF ERROR *CORAM NOBIS* – ANALYSIS

Applying the multipart test for a writ of error *coram nobis* pursuant to the All Writs Act, Zinner clearly meets the first prong since he is no longer in custody for the conviction he sustained in this Court.  However, Zinner has failed to show at least two other prerequisites to relief.  He has already unsuccessfully litigated the issue of whether there was a fundamental error and he has fallen far short of making the necessary showing of exceptional circumstances warranting *coram nobis* relief.

Zinner again asserts that a secret and corrupt agreement between defense counsel and prosecutors led to his conviction.  As noted, the Court rejected this claim following a full evidentiary hearing in 1998 during which Zinner failed to prove any secret and corrupt deal.  His only "new" evidence appears to involve a motion to disqualify co-defendant Mark Waldron, Jr.'s attorney, Sidney Friedler, that the Government allegedly prepared but never filed.  (*See* ECF No. 268-2 at 1-30.)  The document was, however, attached to Zinner's prior Rule 60(d) Motion (*see* ECF No. 259 at 148-163), and evidence, including testimony, about Zinner's relationship with Friedler was introduced during the evidentiary hearing on his Rule 60(b) Motion, *see Zinner*, 1998 WL 57522, at *9, after which the Court failed to credit Zinner's allegations.  *Id.* at *13.  In any event, the allegation about an unfiled disqualification motion involving a co-defendant's attorney is not an error that goes to the Court's jurisdiction that would render Zinner's conviction invalid. *See Stoneman*, 870 F.2d at 106.

Finally, while Zinner alleges specific continuing consequences of his conviction, none of them fall within the ambit of continuing consequences sufficient to obtain the requested writ.  Zinner concedes that the tax liens he cites have been successfully litigated and removed; thus they cannot qualify.  His conclusory allegations that he was dismissal as a named plaintiff in a civil

stock fraud case seeking money damages and cannot get professional licensure are wholly unsupported. Moreover, financial consequences – such as tax liens, stock losses, eviction from one's apartment, inability to obtain chosen employment, and lost tax refunds – do not appear to qualify as the type of serious continuing consequences sufficient to attain the extraordinary grant of the writ. *See, e.g., Rodriguez v. United States*, 730 F. App'x 39, 45 (2d Cir. 2018) (remanding for determination whether guilty plea, allegedly resulting from ineffective assistance of counsel, could be the basis for denaturalization proceedings and thus satisfy continuing consequence prong); *Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (prong was met where inability to obtain lawful permanent resident status because the underlying facts of conviction involving a false claim of United States citizenship, and being subject to deportation at any moment, qualified as continuing consequence); *George v. Black*, 732 F.2d 108, 110 (8th Cir. 1984) (noting that the possibility of confinement pursuant to civil commitment proceedings after the expiration of a criminal sentence is a collateral consequence). Finally, Zinner's claim concerning his voting rights and Second Amendment rights are also insufficient grounds to grant the extraordinary remedy of a writ of *coram nobis* because Zinner has suffered other convictions that also affect these rights.

**IV.   MOTION FOR RECUSAL**

Zinner has also filed a recusal motion alleging bias. The gist of the allegation is that the Court rejected his evidence of counsels' conflicts and determined not to grant Zinner the relief he sought in his prior Motions. (*See* ECF No. 269 at 2, 4-6.)

The threshold issue is whether, under 28 U.S.C. § 455, recusal is required due to bias. Section 455(b)(1) provides that a judge shall "disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455(b)(1). The United States Supreme Court defines "bias and

prejudice" as a "favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess, . . . or because it is excessive in degree . . . ." *Liteky v. United States*, 510 U.S. 540, 550 (1994).

The Supreme Court held that while an "extrajudicial source" is the "only *common* basis" for establishing "disqualifying bias or prejudice," it is not the exclusive basis to establish such bias or prejudice. *Id.* at 551. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion" because "they cannot possibly show reliance upon an extrajudicial source[,] and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* at 555. "[O]pinions formed by the judge on the basis of facts . . . in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Similarly, judicial remarks cannot ordinarily be the basis for bias and prejudice but may be "if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. In *Liteky*, the Court ultimately held that "[a]ll of the[] grounds [that petitioner set forth] are inadequate" because "[t]hey consist of judicial rulings, routine trial administration efforts, and ordinary admonishments . . . to counsel and to witnesses." *Id.* at 1158.

The Third Circuit has likewise stated that "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Robinson v. Horizon Blue Cross Blue Shield of N.J.*, 674 F. App'x 174, 179 (3d. Cir. 2017) (quoting *Liteky*, 510 U.S. at 555); *see also United States v. Wecht*, 484 F.3d 194, 213-21 (3d. Cir. 2007) (denying a writ of mandamus ordering the judge's

7

disqualification when evidence of bias based on remarks, practices, and rulings). Indeed, "'a party's displeasure with legal rulings does not form an adequate basis for recusal'" because "'[i]n the event that the court's [] rulings may be in error, they are subject to review on appeal.'" *Rashid v. Ortiz*, Crim. A. No. 08-493, Civ. A. No. 15-274, 2016 WL 7626712, at *3 (E.D. Pa. June 20, 2016) (alterations in original) (first quoting *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000); then quoting In re TMI Litig., 193 F.3d 613, 728-29 (3d Cir. 1999)).

Zinner's recusal argument fails to demonstrate that the Court's prior Orders have "such a high degree of favoritism or antagonism as to make fair judgement impossible." *Liteky*, 510 U.S. at 555. There is also no basis to hold that prior rulings were based on an "extrajudicial source" or reached the high "degree of favoritism or antagonism [that is] required . . . when no extrajudicial source is involved." *Id.* at 555 (noting the degree of favoritism or antagonism is reached in only the rarest circumstances). Merely alleging that a court has reached adverse decisions without demonstrating the required "degree of favoritism or antagonism" is insufficient for recusal. To the extent Zinner disagrees with the Court's rulings, an appeal, not recusal, is not the appropriate avenue for a remedy. *See Rashid*, 2016 WL 7626721, at *3.

Accordingly, to the extent that Zinner moves for recusal under 28 U.S.C. § 144, the Motion is denied on the merits, but it is also denied because of procedural deficiencies. Specifically, Zinner failed to provide a certificate of good faith signed by "counsel of record." 28 U.S.C. § 144; *see also Heimbecker v. 555 Assocs.*, Civ. A. No. 01-6140, 2003 WL 21652182, at *4 (E.D. Pa. Mar. 26, 2003) (stating that "the absence of a certificate of counsel is a sufficient basis upon which a motion for recusal pursuant to 28 U.S.C. § 144 may be denied" (citation omitted)). Where, as here, a movant is proceeding *pro se*, any member of the bar may sign the certificate. *See, e.g.,*

*United States v. Rankin*, 1 F. Supp. 2d 445, 450 (E.D. Pa. 1998) (citation omitted).  However, Zinner has submitted no signed certificate.

### V.  CONCLUSION

For the reasons stated above, Zinner's Motion for Writ of Error Coram Nobis and Motion for Recusal are denied.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.